CONCURRING IN PART AND DISSENTING IN PART
SILER, Circuit Judge,
dissenting in part and concurring in part.
Because of the urgency of this issue and the need to allow the Supreme Court to consider it, I write the dissent/concurrence in condensed fashion. It does not reflect the extent to which I disagree with the majority opinion, although I respect it.
*716 I commend the Secretary for issuing a new confirmation notice form during the pendency of this litigation. In all aspects of the law,. except for directions on how the voter can continue his registration, it complies with the National Voter Registration Act of 1993 (NVRA) and the Help America Vote Act of 2002 (HAVA).
Both sides agree that the language of the NVRA is unambiguous. “If the words of the statute are unambiguous, the judicial inquiry is at an end, and the plain meaning of the text must be enforced.” United States v. Plavcak, 411 F.3d 655, 661 (6th Cir. 2005) (quoting Hudson v. Reno, 130 F.3d 1193, 1196 (6th Cir. 1997)).
This seems to be a much simpler process than as outlined in the majority' opinion. The Secretary has established a Supplemental Process for purging voters from the voting rolls in Ohio. The key language in the statute, attacked by the plaintiffs is from 52 U.S.C. § 20507(b)(2), which directs that States shall not remove “the name of any person from the official list of voters registered to vote in an election for Federal office by reason of the person’s failure to vote.” However, that same subsection allows a State to use “the procedures described in subsections (c) and (d) to remove an individual from the official list of eligible voters” under certain circumstances. Id. That subsection indicates that if the voter
(A) has not either notified the applicable registrar (in person or in writing) or responded during the period described in subparagraph (B) to the notice sent by the applicable registrar; and then
.(B) has not voted or appeared to vote in 2 or more consecutive general elections for Federa) office,
then subsection (d) provides how States may .cancel registrations of those who may have changed addresses. Id. It provides that the registrant should not be removed from the list of voters unless he or she confirms that he or she has changed residence or has failed to respond to a notice described in paragraph (2) and has not voted during a certain period of time. 52 U.S.C. § 20507(d)(1).
The part of the statute which is in contention is § 20507(b)(2), which indicates that the State shall not remove the voter “by reason of the person’s failure to vote.” The Secretary indicates that the person is not removed from the voting rolls until after the registrant is sent a notice by mail to find out if he or she still lives at the old address. Not until that person fails to respond, as plaintiff Larry Harmon did, does the State then list the voter as “inactive” in the registration database. Nevertheless, this “inactive” voter has all the rights to cast a regular ballot at any election, but if four years transpire without the registrant’s voting, his or her registration record is canceled. However, if the registrant has any voting activity during those four years, he or she returns to an active voter status.
The text of the NVRA directs the States to “conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters, by reason of’ death or relocation. 52 U.S.C. § 20507(a)(4). The district court found the Secretary has made a reasonable effort to carry out that mandate, and I agree. The State cannot remove the registrant’s name from the rolls for a failure to vote only, and Ohio does not do so. It removes registrants only if (1) they have not voted or updated them registration for the last two years, (2) also failed to respond to the address-confirmation notice, and (3) then failed to engage in any voter activity in four consecutive years, including two consecutive Federal elections following that notice.
*717 The decision of the district court also follows the language in HAVA. The district court cited the following language from that act:
[Consistent with the National Voter Registration Act of 1993 ;..-, registrants who have not responded to a notice and who have not voted in 2 consecutive general elections for Federal office shall be removed from the official list of eligible voters, except that no registrant may be removed solely by reason of a failure to vote.
52 U.S.C. § 21083(a)(4). As the Secretary has explained, it is his position that no voter is removed solely by reason of a failure to vote, and thus he has complied with the language from- both statutes. I agree. The statutes leave it to the States to implement, and Ohio has'developed a'lawful procedure.
On the question of mootness, I agree with the majority that the plaintiffs had standing to bring the challenge to the notice form when the case was filed. However, I disagree with the conclusion that this case is not moot because the issues, save one, concerning the confirmation notice form have been corrected by the Secretary. Cessation of certain “conduct by government -officials has been treated with more solicitude by the cqurts than similar action by private parties.” Mosley v. Hairston, 920 F.2d 409, 415 (6th Cir. 1990) (quoting Ragsdale v. Turnock, 841 F.2d 1358, 1365 (7th Cir. 1988)). I agree with the district court that there is no evidence to show that the Secretary would change the current notice, and this court should give him deference on that question. However, I concur with the majority that the current notice does not comply with the NVRA final mandate that when the Secretary sends the confirmation notice that the registrant has been purged, the notice must provide “information concerning how the registrant can continue to be eligible to vote.” 52 U.S.C. § 20507(d)(2)(B).
The district court found that this issue was waived by the plaintiffs for failure to include it in their pleadings before filing their reply brief. However, their motion for summary judgment argued that the confirmation notice forms do not advise people who have moved out of the State how they could register in their new State. Although I agree with the district court that the State officials have been given an “onerous burden of coaching out-of-state residents through the registration process in their new States of residence,” that is what the statute requires. The district court ruled that the mandate only applies to give the registrant information about registering in another location in Ohio, but the language, of the statute is broader than that. In their brief .on-appeal, plaintiffs have suggested that an easy way to comply would be by directing voters to the Election Assistance Commission’s website containing the federal form, which provides instructions and guidance for voter registration in all States. Although such a notice should be easy to attach to the notification to the registrants, it assumes that all registrants know how to utilize websites. Nevertheless, that is the relief which the plaintiffs have requested, and it seems simple enough for the Secretary to institute that amendment to the notice.
Therefore, I would affirm the decision of the district court, except insofar as it declined to require the Secretary to amend its notice to voters who have moved to other States. I would grant relief on that sole issue.